IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 50116 |
| | ) | |
| v. | ) | Hon. Judge Reinhard |
| | ) | |
| STERLING PARK DISTRICT and | ) | Hon. Magistrate Judge Mahoney |
| STERLING PARK DISTRICT BOARD | ) | |
| OF COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STERLING PARK DISTRICT'S ANSWER TO
COUNTS I-III OF PLAINTIFF'S COMPLAINT**

Defendant, Sterling Park District ("Defendant" or "District"), by and through its attorneys, hereby answers Counts I-III of the Complaint filed by Plaintiff, Phillip Hall ("Plaintiff"), and submits its affirmative defenses, as follows:[1]

**JURISDICTION**

1.  This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*. ("IMLW") [sic], and the Illinois Wage Payment and Collection Act, 820 ILCS § 115 *et seq*. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and its supplemental jurisdiction over the State claims under 28 U.S.C. § 1367.

**ANSWER:**

Defendant admits that Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA"), but Defendant denies that it violated any of these laws. Defendant admits that Plaintiff seeks to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331 and 28

---

[1] The District has separately filed a Motion to Dismiss Count IV, the remaining count of Plaintiff's Complaint against the District, and the Sterling Park District Board of Commissioners has filed a Motion to Dismiss Plaintiff's Complaint in its entirety against the Board.

U.S.C. § 1367. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2.    Mr. Hall is a former employee of Defendants, and each of them, and is a citizen of the United States. He currently resides in Lake Geneva, Wisconsin.

**ANSWER:**

Defendant admits that Plaintiff was an employee of the District and that Plaintiff is a U.S. citizen. Defendant denies that the Sterling Park District Board of Commissioners ("Board") employed Plaintiff. Defendant lacks sufficient information upon which to admit or deny where Plaintiff currently resides and denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.    At all times during his employment by Defendants, and each of them, Mr. Hall was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

**ANSWER:**

Defendant admits that Plaintiff was an "employee" of the District within the meaning of the FLSA, IMWL and IWPCA. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.    Defendant Sterling Park District is a special district created and established by the Park District Code, 70 ILCS 1205/2-1, *et seq*.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 4 of the Complaint. Answering further, Defendant is a "park district" (one form of "special district" under state law) established by the Park District Code, 70 ILCS 1205/1-1 *et. seq*.

5.    Defendant Sterling Park District Board of Commissioners if a five-member board with the authority to govern and oversee Defendant Sterling Park District's recreational programs and facilities.

1

**ANSWER:**

Defendant admits that there are five members on the Board per statute and that the Board is the "corporate authority" and governing board for the District. See 70 ILCS 1205/2-10; 70 ILCS 1205/4-1. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants, and each of them, own, manage and/or operate parks and recreation facilities in the Counties of Lee and Whiteside in the State of Illinois.

**ANSWER:**

Defendant admits that the District owns, manages and/or operates parks and recreation facilities in Lee and Whiteside Counties in Illinois. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants, and each of them, are "employers" within the meaning of the FLSA, 29 U.S.C. §203(d); the IMWL, 820 ILCS §105/3(c), and the IWPCA, 820 ILCS 115/2.

**ANSWER:**

Defendant admits that it is an "employer" within the meaning of the FLSA, IMWL and IWPCA. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

**FACTUAL BACKGROUND**

8. On or about May 1, 1994, Mr. Hall was hired by Defendants, and each of them, to work as Director of Golf Operations at Emerald Hill Golf and Learning Center. He worked continuously as a full-time employee at Emerald Hill Golf Course until he was terminated on or about April 30, 2006.

**ANSWER:**

Defendant admits that the District hired Plaintiff on or about May 1, 1994 and that the District employed him until his employment agreement expired on April 30, 2006 and the District eliminated his position. Defendant further admits that, during his employment, Plaintiff was a full-time employee at Emerald Hill Golf and Learning Center. Defendant denies that

2

Plaintiff was hired as Director of Golf Operations, because Plaintiff was hired as Superintendent of Golf Operations at Emerald Hill Golf and Learning Center and then became Director of Golf Operations in 2000. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. At all relevant times referenced herein, Mr. Hall's primary duties involved the performance of non-exempt manual labor, including maintenance of the golf course grounds and facilities. Specifically, between the months of March and October, more than fifty percent (50%) of Mr. Hall's daily activities included, without limitation, the following: rebuilding tees, trimming trees, edging and raking bunkers, grading cart paths, application of pesticides and fertilizers, operating mowers, planting and watering flowers throughout golf course and clubhouse grounds, and monitoring, setting, and repairing the irrigation system.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Although Mr. Hall was responsible for performing some exempt managerial duties, those activities most often constituted a minority of his working time as Director of Golf Operations.

**ANSWER:**

Defendant admits that Plaintiff worked as the Superintendent of Golf Operations and then as the Director of Golf Operations for the District and that, in these positions, he primarily performed duties which satisfied the requirements to meet the executive exemption under the FLSA and IMWL. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Throughout his employment by Defendants, and each of them, Mr. Hall was required to, and regularly worked in excess of forty (40) hours per workweek. In addition, Mr. Hall was routinely required to work on weekends and holidays, including Sundays, outside his regular Monday through Friday workweek. Defendants, and each of them, knew, required, approved and/or suffered or permitted Mr. Hall to work in excess of forty hours per week.

**ANSWER:**

Defendant admits that Plaintiff worked the hours necessary to complete his job duties as Director of Golf Operations, an exempt position, even if that meant working more than forty

3

hours per workweek or working weekends and holidays at times. Defendant admits that it knew Plaintiff worked, on occasions during the golf season, in excess of forty hours per week. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Pursuant to Section 211:3 of Defendants' Personnel Policy Manual, non-exempt employees "who work beyond forty (40) hours per week will be compensated at a pay rate equal to one and one half times the employee's regular hourly rate.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 12 of the Complaint. Answering further, a portion of Section 211:3 of the Hours of Work policy of the District's Personnel Policy Manual states: "Workers in this classification (non-exempt) who work beyond forty (40) hours per week will be compensated at a pay rate equal to one and one half times the employee's regular hourly rate."

13. Additionally, Section 211:2(6) of Defendants' Personnel Policy Manual provides, in relevant part, that "salaried employees … may be eligible for compensatory time-off after working abnormally long hours at the discretion and with the approval of the Director."

**ANSWER:**

Defendant denies the allegations contained in Paragraph 13 of the Complaint. Answering further, a portion of Section 211:2(6) of the Hours of Work policy of the District's Personnel Policy Manual states: "Exempt employees will not normally receive overtime compensation, however, they may be eligible for compensatory time-off after working abnormally long hours at the discretion and with the approval of the Executive Director. Compensatory time for salaried personnel will not be granted on an hour for hour matching basis, but will be determined by the Executive Director."

14. Throughout his employment by Defendants, and each of them, Mr. Hall was paid a base salary regardless of the hours he worked. Mr. Hall did not receive any additional compensation for hours worked in excess of forty (40) per week, whether in the form of overtime compensation or compensatory time-off, in violation of the federal and state statutes referenced herein and in breach of Defendants' agreement to do so pursuant to Defendants' Personnel

4

Policy Manual.

**ANSWER:**

Defendant admits that the District paid Plaintiff, during his employment, on a salary basis consistent with Plaintiff's status as an exempt employee under the executive exemption to the FLSA and IMWL's overtime requirements, and that the District did not pay Plaintiff overtime compensation, although Plaintiff did take time off when he requested during certain workweeks and received the same salary regardless of hours worked. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. In the five years preceding the filing of this Complaint, Mr. Hall was paid an annual salary which ranged from approximately $59,300 to $68,800, the latter at the time his employment was terminated.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 15 of the Complaint. Answering further, the District operates on a fiscal year basis of May 1 to April 30. For fiscal year 2003, Plaintiff received a salary of $66,500/year, for fiscal year 2004, Plaintiff received a salary of $66,500/year, for fiscal year 2005, Plaintiff received a salary of $68,828/year, and, for fiscal year 2006, Plaintiff would have received a salary of $69,828/year.

16. As a consequence of working long days and weeks, Mr. Hall also accrued large amounts of unused vacation time.

**ANSWER:**

Defendant admits that, during his employment, Plaintiff accrued unused vacation time. Defendant lacks sufficient information upon which to admit or deny what Plaintiff terms as "large amounts" of accrued unused vacation time. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Pursuant to Section 502:1 of Defendants' Personnel Policy Manual, "[U]nused vacation days may be accumulated to a maximum of forty-five (45) days. Any unused vacation

5

days in excess of the forty-five (45) day maximum will be forfeited."

**ANSWER:**

Defendant denies the allegations contained in Paragraph 17 of the Complaint. Answering further, the portion of the Vacations policy of the District's Personnel Policy Manual quoted by Plaintiff states: "[U]nused vacation days may be accumulated to a maximum of forty-five (45) days. Any unused vacation days in excess of the forty-five day maximum will be forfeited."

18. At all relevant times mentioned here, Mr. Hall had accumulated, unused vacation time in excess of forty-five (45) days. Mr. Hall raised this issue repeatedly with his supervisor, Larry Shuldt [sic], who acknowledged he was aware of Mr. Hall's accrued, unused vacation time. Mr. Shuldt [sic] made repeated verbal assurances to Mr. Hall that he would not forfeit his accrued and unused vacation in excess of forty-five days and that Mr. Hall would be able to either use the accrued vacation time or be fully compensated for it.

**ANSWER:**

Defendant admits that Larry Schuldt supervised Plaintiff. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Notwithstanding Mr. Shuldt's [sic] promises, Mr. Hall has never been compensated for the unused vacation time accrued while employed by Defendants, and each of them.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. The conduct of each of the Defendants complained of herein was willful and intentional, in that Defendants, and each of them, knew, required, approved and/or suffered or permitted Mr. Hall to work in excess of forty (40) hours per week. Moreover, on information and belief, Defendants, and each of them, willfully and improperly designated Mr. Hall's position as exempt from federal law in direct violation of the FLSA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

6

## COUNT I

### *Failure to Pay Overtime in Violation of the Fair Labor Standards Act*
**(Against all Defendants)**

21.    Mr. Hall repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1-20 as its answer to Paragraph 21 of the Complaint.

22.    Under the FLSA, 29 U.S.C. § 207, et seq., Defendants, and each of them, were and are required to compensate Mr. Hall for all hours worked in excess of forty (40) hours per week.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 22 of the Complaint, given that Plaintiff held a position exempt from the overtime requirements under the FLSA and IMWL.

23.    Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

**ANSWER:**

Defendant admits that, under the FLSA and IMWL, overtime compensation must be paid to *non-exempt* covered employees at a rate of one-and-one-half times the non-exempt employee's regular rate of pay. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint and any implication that Plaintiff was entitled to overtime pay, because he was exempt.

24.    For purposes of calculating overtime compensation, the FLSA provides that the regular rate of pay includes all remuneration for employment paid to or on behalf of the employee.

7

**ANSWER:**

Defendant admits that the regular hourly rate of pay under the FLSA includes all remuneration, except any payments excluded by the FLSA itself. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint and any implication that Plaintiff was entitled to overtime pay, because he was exempt.

25. The FLSA further provides, in relevant part, that public employers are permitted to provide overtime compensation in the form of compensatory time at a rate of one-and-a-half hours for every hour worked in excess of forty (40) hours per week, subject to a collective bargaining agreement or agreement(s) with individual employees explicitly permitting such a practice. 29 U.S.C. § 207(o)(1), (o)(2).

**ANSWER:**

Defendant admits that Section 207(o) of the FLSA allows *non-exempt* employees of a political subdivision of a state to receive, in lieu of overtime compensation, compensatory time off at a rate not less than one-and-one half hours for each hour of employment for which overtime compensation is required and that compensatory time off may be provided only pursuant to a collective bargaining agreement, memorandum of understanding or other agreement between the employer and the employee's representatives or, in the case of non-union employees, an agreement or understanding arrived at before the performance of the work. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint and any implication that Plaintiff was entitled to overtime pay, because he was exempt.

26. Mr. Hall was not employed pursuant to a collective bargaining agreement, and Defendants, and each of them, did not have an agreement to provide Mr. Hall compensatory time in lieu of overtime pay, nor did they provide Mr. Hall with compensatory time in lieu of overtime pay.

**ANSWER:**

Defendant admits that Plaintiff was a non-union employee and no agreement existed to provide Complainant compensatory time off in lieu of overtime pay, although Plaintiff did take

8

...

time off when he requested during the workweek and still received the same salary. Defendant specifically denies that Plaintiff was entitled to overtime pay because he was an exempt employee and further denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. At all relevant times mentioned herein Defendants, and each of them, regularly required, suffered and permitted Mr. Hall to work in excess of forty (40) hours per week, but did not compensate him for such overtime work.

**ANSWER:**

Defendant admits that Plaintiff worked the hours necessary to complete his job duties as the Director of Golf Operations, an exempt position, even if that meant working more than forty hours per workweek or working weekends and holidays at times. Defendant admits that it knew Plaintiff worked, on occasions during the golf season, in excess of forty hours per week. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. As a result of each Defendants' policy and practice of failing to pay overtime compensation, Mr. Hall has been damaged in that he has not received wages due and owing pursuant to the FLSA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 28 of the Complaint and specifically denies that any unpaid wages exist which are due and owing.

## COUNT II

*Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act*
**(Against all Defendants)**

29. Mr. Hall repeats and realleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1-28 as its answer to Paragraph 29 of the Complaint.

30. Under the FLSA, 29 U.S.C. § 207, et seq., Defendants, and each of them, were and are required to compensate Mr. Hall for all hours worked in excess of forty (40) hours per week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay. For purposes of calculating overtime compensation, the FLSA provides that the regular rate of pay includes all remuneration for employment paid to or on behalf of the employee. The FLSA further provides, in relevant part, that public employers are permitted to provide overtime compensation in the form of compensatory time at a rate of one-and-a-half hours for every hour worked in excess of forty (40) hours per week, subject to a collective bargaining agreement or agreement(s) with individual employees explicitly permitting such a practice. 29 U.S.C. § 207(o)(1), (o)(2).

**ANSWER:**

Defendant admits that, under the FLSA and IMWL, overtime compensation must be paid to *non-exempt* covered employees at a rate of one-and-one-half times the non-exempt employee's regular rate of pay. Defendant admits that the regular hourly rate of pay under the FLSA includes all remuneration except any payments excluded by the FLSA itself. Defendant admits that Section 207(o) of the FLSA allows *non-exempt* employees of a political subdivision of a state to receive, in lieu of overtime compensation, compensatory time off at a rate not less than one-and-one half hours for each hour of employment for which overtime compensation is required and that compensatory time off may be provided only pursuant to a collective bargaining agreement, memorandum of understanding or other agreement between the employer and the employee's representatives or, in the case of non-union employees, an agreement or understanding arrived at before the performance of the work. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint and any implication that Plaintiff was entitled to overtime pay, because he was exempt from the overtime requirements of the FLSA and IMWL.

31. Each of the Defendants' conduct complained of herein was willful and intentional, in that Defendants, and each of them, knew, required, approved and/or suffered or permitted Mr. Hall to work in excess of forty (40) hours per week. Moreover, on information and belief, Defendants, and each of them, willfully and improperly designated Mr. Hall's position as exempt from federal law in direct violation of the FLSA.

**ANSWER:**

Defendant admits that Plaintiff worked the hours necessary to complete his job duties as the Director of Golf Operations, an executive exempt position under the FLSA and IMWL overtime requirements, even if that meant working more than forty hours per workweek or working weekends and holidays at times. Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     As a result of each Defendants' willful violation of the FLSA, Mr. Hall has been damaged in that he has not received wages due and owing pursuant to the FLSA.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 32 of the Complaint and specifically denies that it willfully violated the FLSA and that any unpaid wages exist which are due and owing.

## COUNT III

*Violation of the Illinois Minimum Wage Law*
**(Against all Defendants)**

33.     Mr. Hall repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1-32 as its answer to Paragraph 33 of the Complaint.

34.     Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(b), defines wages as "compensation due to an employee by reason of his employment…"

**ANSWER:**

Defendant admits that Plaintiff has accurately cited a portion of the statutory definition in Section 3(b) of the IMWL.

35.     Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(c), defines

11

employer as "any individual, partnership, association, corporation, business trust, governmental or quasi-governmental body … for which one or more persons are gainfully employed on some day within the calendar year."

**ANSWER:**

Defendant denies the allegations contained in Paragraph 35 of the Complaint. Answering further, Section 3(c) of the IMWL defines "employer" as: "any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year. An employer is subject to this Act in a calendar year on and after the first day in such calendar year in which he employs one of more persons, and for the following calendar year."

36.   Defendants, and each of them, are employers within the meaning of 820 ILCS § 105/3(c) because they gainfully employ one or more employees within any given year.

**ANSWER:**

Defendant admits that the District is an "employer" under the IMWL. Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.   Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(d), defines employee as "any individual permitted to work by an employer in an occupation."

**ANSWER:**

Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38.   Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(e), defines occupation as "an industry, trade, business or class of work in which employees are gainfully employed."

**ANSWER:**

Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39.   Mr. Hall is an employee within the meaning of 820 ILCS § 105/3(d) because he

was suffered or permitted to work for Defendants, and each of them, in the business of owning, managing and/or operating numerous parks and recreation facilities including, but not limited to, Emerald Hills [sic] Golf and Learning Center.

**ANSWER:**

Defendant admits that Plaintiff was an "employee" of the District for the purpose of the IMWL and that the District owns, manages and/or operates parks and recreation facilities, including Emerald Hill Golf and Learning Center. Defendant denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendants, and each of them, violated 820 ILCS § 105/4(a) by failing to pay Mr. Hall the minimum wage prescribed by 820 ILCS § 105/3(a) for work performed by Mr. Hall for and on behalf of each of the Defendants.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendants failed and refused to pay Mr. Hall's accrued and unpaid overtime, although a demand was made by his counsel more than three months prior to filing this lawsuit.

**ANSWER:**

Defendant admits that counsel for Plaintiff made a demand for overtime pay prior to filing the lawsuit. Defendant admits that it did not pay Plaintiff overtime compensation, because Plaintiff was not entitled to receive overtime compensation since he is an exempt employee. Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

1. As the Superintendent and then Director of Golf Operations, Plaintiff was paid on a salary basis and performed duties that satisfied the executive exemption from the overtime provisions of the FLSA and IMWL.

2. To the extent any liability is assessed against the District, Plaintiff can only recover alleged damages under the FLSA for two years from the date Plaintiff filed the

13

Complaint, and Plaintiff can only recover alleged damages under the FLSA for willful conduct for three years from the date Plaintiff filed the Complaint.

3. To the extent any liability is assessed against the District, Plaintiff can only recover alleged damages under the IMWL for three years from the date Plaintiff filed the Complaint.

4. If the District violated the FLSA and/or IMWL, which it specifically denies, such violations were in good faith.

Dated: August 8, 2008                                  Respectfully submitted,

/s Joshua A. Dombrow
Gregory R. James, Jr.
Jennifer A. Naber
Joshua A. Dombrow
Laner Muchin Dombrow Becker Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 (phone)
(312) 467-9479 (fax)
Attorneys for Defendant Sterling Park District

# CERTIFICATE OF SERVICE

Joshua Dombrow, an attorney, hereby certifies that he caused **Defendant Sterling Park District's Answer to Counts I-III of Plaintiff's Complaint and Notice of Filing** in the above-captioned matter to be served upon the attorneys for the Plaintiff electronically, by operation of the Court's electronic filing system, by filing the document electronically with the Clerk of this Court:

>Robin B. Potter, Esq.
>Denise M. Kelleher, Esq.
>ROBIN POTTER & ASSOCIATES, P.C.
>111 East Wacker Drive, Suite 2600
>Chicago, IL 60601

　　　　　　　　　　　　/s Joshua Dombrow
　　　　　　　　　　　　　Joshua Dombrow