IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 50116 |
| | ) | |
| v. | ) | Hon. Judge Reinhard |
| | ) | |
| STERLING PARK DISTRICT and | ) | Hon. Magistrate Judge Mahoney |
| STERLING PARK DISTRICT BOARD | ) | |
| OF COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

**STERLING PARK DISTRICT'S MOTION TO DISMISS COUNT IV
OF PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) AND STERLING
PARK DISTRICT BOARD OF COMMISSIONERS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)**

Defendant, Sterling Park District ("District"), by and through its attorneys, respectfully requests that the Court dismiss Count IV of Plaintiff Phillip Hall's ("Plaintiff") Complaint with prejudice against the District pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

Defendant, Sterling Park District Board of Commissioners ("Board"), by and through its attorneys (collectively, the "District" and "Board" are referred to as "Defendants"), respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety against the Board pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

In support of their Motion, Defendants state as follows:

    1.    On June 24, 2008, Plaintiff filed a four-count Complaint against Defendants. (The Complaint is attached as Exhibit A.) Plaintiff raises claims for alleged: (1)

---

[1] The District has separately filed an Answer to Counts I – III of the Complaint.

failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") (Count I); (2) willful failure to pay overtime violation of the FLSA (Count II); (3) violation of the Illinois Minimum Wage Law ("IMWL") (Count III); and (4) violation of the Illinois Wage Payment and Collection Act ("IWPCA") (Count IV).

    2. Count IV of Plaintiff's Complaint should be dismissed against the District pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted because the IWPCA does not create an entitlement to overtime compensation. Lopez v. Smurfit-Stone Container Corp., 2003 WL 297533, *3 (N.D. Ill. Feb. 10, 2003) (attached to the Memorandum of Law). The IWPCA requires that a claim be based on a contract or agreement, and the provision of the District's Personnel Policy Manual relied upon by Plaintiff does not create a contract, because the District classified Plaintiff as exempt and because the Personnel Policy Manual contains a disclaimer. Stark v. PPM America, Inc., 354 F.3d 666, 671 (7th Cir. 2004); Skelton v. American Intercontinental University Online, 382 F.Supp. 2d 1068, 1075 (N.D. Ill. 2005) (attached to the Memorandum of Law). Also, Plaintiff cannot use the IWPCA to extend the statute of limitations because no agreement or contract exists. See e.g., Palmer v. Great Dane Trailers, 2005 WL 1528255, *3 (N.D. Ill. June 28, 2005) (attached to the Memorandum of Law).

    3. Plaintiff's Complaint should be dismissed against the Board in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Illinois law does not permit Plaintiff to sue the Board as a separate legal entity on a collective basis. See Richardson v. County of Cook, 250 Ill. App. 3d 544, 547 (1st Dist. 1993); Davis v. City of Chicago, 53 F.3d 801, 803 (7th Cir. 1995); Willmschen v. Trinity Lakes Improvement Ass'n, 362 Ill. App. 3d 546, 551-52 (2nd Dist. 2005). The District is the corporate entity which can sue or be

sued under applicable law creating the District; the Board acts on the District's behalf. In addition, Count IV of Plaintiff's Complaint also fails to state a claim for the reasons discussed above.

    4.    In support of their Motion, Defendants have also submitted a Memorandum of Law which explains the reasons why dismissal is warranted in greater detail and which Defendants fully incorporate herein.

WHEREFORE, Defendant, Sterling Park District, respectfully requests that the Court dismiss Count IV with prejudice against the District pursuant to Rule 12(b)(6), and Defendant, Sterling Park District Board of Commissioners, respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice against the Board pursuant to Rule 12(b)(6).

Dated: August 8, 2008                                Respectfully submitted,

                                                          /s Joshua A. Dombrow
Gregory R. James, Jr.
Jennifer A. Naber
Joshua A. Dombrow
Laner Muchin Dombrow Becker Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP HALL, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| STERLING PARK DISTRICT and ) | Jury Trial Demanded |
| STERLING PARK DISTRICT BOARD OF ) | |
| COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**NOW COMES** Plaintiff PHILLIP HALL ("Mr. Hall"), by and through his attorneys, ROBIN POTTER & ASSOCIATES, P.C., complaining of Defendants STERLING PARK DISTRICT ("Park District") and STERLING PARK DISTRICT BOARD OF COMMISSIONERS ("Commissioners") (collectively, "Defendants"), and states as follows:

## JURISDICTION

1. This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq.* ("IMLW"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115 *et seq.* Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and its supplemental jurisdiction over the State claims under 28 U.S.C. § 1367.

## PARTIES

2. Mr. Hall is a former employee of Defendants, and each of them, and is a citizen of the United States. He currently resides in Lake Geneva, Wisconsin.

3. At all times during his employment by Defendants, and each of them, Mr. Hall was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

4. Defendant Sterling Park District is a special district created and established by the Park District Code, 70 ILCS 1205/2-1, *et seq.*

5. Defendant Sterling Park District Board of Commissioners is a five-member board with the authority to govern and oversee Defendant Sterling Park District's recreational programs and facilities.

6. Defendants, and each of them, own, manage and/or operate parks and recreation facilities in the Counties of Lee and Whiteside in the State of Illinois.

7. Defendants, and each of them, are "employers" within the meaning of the FLSA, 29 U.S.C. §203(d); the IMWL, 820 ILCS §105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

8. On or about May 1, 1994, Mr. Hall was hired by Defendants, and each of them, to work as Director of Golf Operations at Emerald Hill Golf and Learning Center. He worked continuously as a full-time employee at Emerald Hill Golf Course until he was terminated on or about April 30, 2006.

9. At all relevant times referenced herein, Mr. Hall's primary duties involved the performance of non-exempt manual labor, including maintenance of the golf course grounds and facilities. Specifically, between the months of March and October, more than fifty percent (50%) of Mr. Hall's daily activities included, without limitation, the following: rebuilding tees, trimming trees, edging and raking bunkers, grading cart paths, application of pesticides and fertilizers, operating mowers, planting and watering flowers throughout

golf course and clubhouse grounds, and monitoring, setting, and repairing the irrigation system."

10.     Although Mr. Hall was responsible for performing some exempt managerial duties, those activities most often constituted a minority of his working time as Director of Golf Operations.

11.     Throughout his employment by Defendants, and each of them, Mr. Hall was required to, and regularly worked in excess of forty (40) hours per workweek. In addition, Mr. Hall was routinely required to work on weekends and holidays, including Sundays, outside his regular Monday through Friday workweek. Defendants, and each of them, knew, required, approved and/or suffered or permitted Mr. Hall to work in excess of forty hours per week.

12.     Pursuant to Section 211:3 of Defendants' Personnel Policy Manual, non-exempt employees "who work beyond forty (40) hours per week will be compensated at a pay rate equal to one and one half times the employee's regular hourly rate.

13.     Additionally, Section 211:2(6) of Defendants' Personnel Policy Manual provides, in relevant part, that "salaried employees ... may be eligible for compensatory time-off after working abnormally long hours at the discretion and with the approval of the Director."

14.     Throughout his employment by Defendants, and each of them, Mr. Hall was paid a base salary regardless of the hours he worked. Mr. Hall did not receive any additional compensation for hours worked in excess of forty (40) per week, whether in the form of overtime compensation or compensatory time-off, in violation of the federal and state statutes referenced herein and in breach of Defendants' agreement to do so pursuant

to Defendants' Personnel Policy Manual.

15. In the five years preceding the filing of this Complaint, Mr. Hall was paid an annual salary which ranged from approximately $59,300 to $68,800, the latter at the time his employment was terminated.

16. As a consequence of working long days and weeks, Mr. Hall also accrued large amounts of unused vacation time.

17. Pursuant to Section 502:1 of Defendants' Personnel Policy Manual, "[U]nused vacation days may be accumulated to a maximum of forty-five (45) days. Any unused vacation days in excess of the forty-five (45) day maximum will be forfeited."

18. At all relevant times mentioned herein, Mr. Hall had accumulated, unused vacation time in excess of forty-five (45) days. Mr. Hall raised this issue repeatedly with his supervisor, Larry Shuldt, who acknowledged he was aware of Mr. Hall's accrued, unused vacation time. Mr. Shuldt made repeated verbal assurances to Mr. Hall that he would not forfeit his accrued and unused vacation in excess of forty-five days and that Mr. Hall would be able to either use the accrued vacation time or be fully compensated for it.

19. Notwithstanding Mr. Shuldt's promises, Mr. Hall has never been compensated for the unused vacation time accrued while employed by Defendants, and each of them.

20. The conduct of each of the Defendants complained of herein was willful and intentional, in that Defendants, and each of them, knew, required, approved and/or suffered or permitted Mr. Hall to work in excess of forty(40) hours per week. Moreover, on information and belief, Defendants, and each of them, wilfully and improperly designated Mr. Hall's position as exempt from federal law in direct violation of the FLSA.

## COUNT I

### *Failure to Pay Overtime in Violation of the Fair Labor Standards Act*
### (Against all Defendants)

21.  Mr. Hall repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22.  Under the FLSA, 29 U.S.C. § 207, et seq., Defendants, and each of them, were and are required to compensate Mr. Hall for all hours worked in excess of forty (40) hours per week.

23.  Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay.

24.  For purposes of calculating overtime compensation, the FLSA provides that the regular rate of pay includes all remuneration for employment paid to or on behalf of the employee.

25.  The FLSA further provides, in relevant part, that public employers are permitted to provide overtime compensation in the form of compensatory time at a rate of one-and-a-half hours for every hour worked in excess of forty (40) hours per week, subject to a collective bargaining agreement or agreement(s) with individual employees explicitly permitting such a practice.  29 U.S.C. § 207(o)(1), (o)(2).

26.  Mr. Hall was not employed pursuant to a collective bargaining agreement, and Defendants, and each of them, did not have an agreement to provide Mr. Hall compensatory time in lieu of overtime pay, nor did they provide Mr. Hall with compensatory time in lieu of overtime pay.

27.  At all relevant times mentioned herein Defendants, and each of them, regularly required, suffered and permitted Mr. Hall to work in excess of forty (40) hours per

week, but did not compensate him for such overtime work.

28.  As a result of each Defendants' policy and practice of failing to pay overtime compensation, Mr. Hall has been damaged in that he has not received wages due and owing pursuant to the FLSA.

WHEREFORE, Mr. Hall respectfully requests this Court enter judgment in his favor and against Defendants, and each of them, for the following:

    a. An award of back pay equal to the amount of all unpaid regular and overtime compensation for the two years prior to the filing of this action;
    b. Finding Defendants' conduct alleged herein to be been willful, and award compensation for the three years prior to the filing of this action;
    c. An award of liquidated damages equal to the amount of all unpaid overtime compensation or, alternatively, prejudgment interest;
    d. Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b); and
    e. Such other relief as this Court deems necessary and just.

## COUNT II
### Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act
### (Against all Defendants)

29.  Mr. Hall repeats and realleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

30.  Under the FLSA, 29 U.S.C. § 207, et seq., Defendants, and each of them, were and are required to compensate Mr. Hall for all hours worked in excess of forty (40) hours per week. Overtime compensation must be paid at a rate not less than one and one-half times the regular rate of pay. For purposes of calculating overtime compensation, the FLSA provides that the regular rate of pay includes all remuneration for employment paid to or on behalf of the employee. The FLSA further provides, in relevant part, that public employers are permitted to provide overtime compensation in the form of compensatory time at a rate of one-and-a-half hours for every hour worked in excess of forty (40) hours

per week, subject to a collective bargaining agreement or agreement(s) with individual employees explicitly permitting such a practice. 29 U.S.C. § 207(o)(1), (o)(2).

31.　Each of the Defendants' conduct complained of herein was willful and intentional, in that Defendants, and each of them, knew, required, approved and/or suffered or permitted Mr. Hall to work in excess of forty(40) hours per week. Moreover, on information and belief, Defendants, and each of them, wilfully and improperly designated Mr. Hall's position as exempt from federal law in direct violation of the FLSA.

32.　As a result of each Defendants' willful violation of the FLSA, Mr. Hall has been damaged in that he has not received wages due and owing pursuant to the FLSA.

WHEREFORE, Mr. Hall respectfully requests this Court enter judgment in his favor and against Defendants, and each of them, for the following:

 a. An award of back pay equal to the amount of all unpaid regular and overtime compensation for the two years prior to the filing of this action;
 b. Finding Defendants' conduct alleged herein to be been willful, and award compensation for the three years prior to the filing of this action;
 c. An award of liquidated damages equal to the amount of all unpaid overtime compensation or, alternatively, prejudgment interest;
 d. Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b); and
 e. Such other relief as this Court deems necessary and just.

### COUNT III
*Violation of the Illinois Minimum Wage Law*
**(Against all Defendants)**

33.　Mr. Hall repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

34.　Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(b), defines wages as "compensation due to an employee by reason of his employment ..."

35.　Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(c), defines

employer as "any individual, partnership, association, corporation, business trust, governmental or quasi-governmental body ... for which one or more persons are gainfully employed on some day within the calendar year."

36.　Defendants, and each of them, are employers within the meaning of 82 ILCS § 105/3(c) because they gainfully employ one or more employees within any given year.

37.　Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(d), defines employee as "any individual permitted to work by an employer in an occupation."

38.　Section 3 of the Illinois Minimum Wage Law, 820 ILCS § 105/3(e), defines occupation as "an industry, trade, business or class of work in which employees are gainfully employed."

39.　Mr. Hall is an employee within the meaning of 820 ILCS § 105/3(d) because he was suffered or permitted to work for Defendants, and each of them, in the business of owning, managing and/or operating numerous parks and recreation facilities including, but not limited to, Emerald Hills Golf and Learning Center.

40.　Defendants, and each of them, violated 820 ILCS § 105/4(a) by failing to pay Mr. Hall the minimum wage prescribed by 820 ILCS § 105/3(a) for work performed by Mr. Hall for and on behalf of each of the Defendants.

41.　Defendants failed and refused to pay Mr. Hall's accrued and unpaid overtime, although a demand was made by his counsel more than three months prior to filing this lawsuit.

com

WHEREFORE, Mr. Hall respectfully requests this Court enter judgment in his favor and against Defendants, and each of them, for the following:

a. Actual damages;
b. 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid;
c. Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and
d. Such other relief as this Court deems necessary and just.

## COUNT IV
### *Violation of the Illinois Wage Payment and Collection Act*
### (Against all Defendants)

42. Mr. Hall repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth herein.

43. Section 2 of the Illinois Wage Payment and Collection Act, 802 ILCS § 115/2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties. ..."

44. Section 4 of the Illinois Wage Payment and Collection Act, 802 ILCS § 115/2, provides that every employer shall pay "all wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages are earned."

45. Section 5 of the Illinois Wage Payment and Collection Act, 802 ILCS § 115/2, provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

46. Defendants failed and refused to pay Mr. Hall's accrued and unpaid overtime, although a demand was made by his counsel more than three months prior to filing this lawsuit.

47. Each of the Defendants' conduct complained of herein and described above,

namely the continuing refusal and failure to pay wages to Mr. Hall for all hours worked, including overtime wages and compensation for accrued, unused vacation time, constitutes a violation of Section 14 of the Illinois Wage Payment and Collection Act, 820 LCS § 115/14, entitling Mr. Hall to all wages improperly withheld.

WHEREFORE, Mr. Hall respectfully requests this Court enter judgment in his favor and against Defendants, and each of them, for the following:

a. Actual damages;
b. Attorneys' fees and costs of this action pursuant to 705 ILCS §225; and
c. Such other relief as this Court deems necessary and just.

Respectfully submitted,

By:   /s/ Robin Potter
One of Mr. Hall's Attorneys

Robin Potter, Esq.
Denise M. Kelleher, Esq.
Robin Potter & Associates, P.C.
111 East Wacker Drive - Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robinpotter@igc.org