**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 50116 |
| | ) | |
| v. | ) | Hon. Judge Reinhard |
| | ) | |
| STERLING PARK DISTRICT and | ) | Hon. Magistrate Judge Mahoney |
| STERLING PARK DISTRICT BOARD | ) | |
| OF COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIES' PROPOSED CASE MANAGEMENT ORDER**

The Parties respectfully submit the following proposed case management order in accordance with this Court's standing procedures:

I.     Pursuant to Fed. R. Civ. P. 26(f), a meeting was held in 08 C 50116 on [insert date] and was attended by:

Robin B. Potter and Denise M. Kelleher for Plaintiff Phillip Hall.

Jennifer A. Naber for Defendants Sterling Park District and Sterling Park District Board of Commissioners.

II.    The Fed. R. Civ. P. 26(a)(1) material will be exchanged by September 23, 2008.

III.   Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

- Plaintiff requests a settlement conference with the Magistrate Judge limited to the claims alleged in the complaint.

Rev. 7/08

Document ID: 481146.1    8/26/2008 2:39:26 PM

- Defendants request that this case be excused from ADR. Defendants also believe that it would not be fruitful at this time to have a settlement conference limited to claims alleged in the complaint given that Plaintiff has a Charge of Discrimination pending before the Equal Employment Opportunity Commission.

IV.    Discovery Plan. The parties propose to the court the following discovery plan:

A)    The Parties agreed that discovery will be needed on the following subjects: Plaintiff's job duties and the percentage of time Plaintiff spent on each of those job duties; the amount and method by which Defendant Sterling Park District compensated Plaintiff; whether the District correctly classified Plaintiff as exempt from receiving overtime compensation; the number of hours per week Plaintiff worked; Plaintiff's alleged damages; and other related subjects.

Plaintiff further adds the following subjects: actual work performed on a daily basis by Plaintiff, actual work preformed on a daily basis by other employees of Defendant(s), recordkeeping procedures of Defendant(s) or lack thereof, payroll records, Plaintiff's complete employment file, including any and all written communications relating in any way to Plaintiff's employment and termination, workforce analysis (comparator evidence) including, but not limited to, overview of other positions, job duties, work actually performed, and hours worked. Defendants reserve their objections to the overly broad nature of these subjects.

B)    Plaintiff requests a maximum of 25 interrogatories by each party to any other party.

Defendants request a maximum of 20 interrogatories by each party to any other party.

C)    Plaintiff requests a maximum of 25 requests for admission by each party to any other party.

Defendants request a maximum of 20 requests for admissions by each party to any other party.

D)    Plaintiff requests a maximum of 10 depositions by Plaintiff and 10 by Defendants(s).

Defendants request that each Party by allowed to take a maximum of 5 depositions.

E)    Plaintiff requests that each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties, in accordance with the Federal Rules of Civil Procedure.

Defendant requests that each deposition, other than of Plaintiff or Executive Director Larry Schuldt, shall be limited to a maximum of 4 hours unless extended by agreement of the parties.

F)      Plaintiff requests that fact discovery cut-off be set for March 31, 2009.

Defendants request that fact discovery cut-off be set for January 30, 2009

G)      The Parties do not anticipate at this time the need for expert discovery. Supplementations under Rule 26(e) will be scheduled by the court at the request of the parties.

H)      Plaintiff requests that all discovery shall be cut off by March 31, 2009.

Defendants request that all discovery end on January 30, 2009.

I)      Plaintiff requests that time for the parties to amend pleadings and add counts or parties to be set for January 30, 2009.

Defendants disagree and ask for such deadline to be set on September 30, 2008.

J)      The parties suggest the next discovery conference with the court be November 13, 2008.

All dispositive motions will be due 45 days after the fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

V.      Electronically Stored Information.

Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved.  The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

In order for the court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.

When balancing the cost, burden and need for electronically stored information, the courts and the parties will apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) which requires consideration of the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.

All formats primarily used for backup or disaster recovery purposes and any computer servers, external hard drives, notebooks, or personal computer hard drives created for disaster recovery purposes and not used in the ordinary course of business operations are presumed to present a burden which outweighs the relevancy of data preserved in such formats and need not be searched absent relevance and special need.

Absent a showing of relevance and special need, a responding party will not be required to preserve, review or produce deleted, shadowed, fragmented or residual electronically stored information.

- Plaintiff requested that the following provision be added: Electronically stored information anticipated to be relevant to the litigation including, but not limited to, any and all documents and information related in any way to Plaintiff's claims as alleged in the complaint, documents and data relative to any employee and/or witness who may be a comparative and/or possess relevant information and evidence, will be preserved. The court will order any search for electronic ally stored information, data, and documents that is proper and consistent with the Federal Rules of Civil Procedure and existing case law. Defendant(s) understand that the Federal Rules of Civil Procedure require a litigation hold; nevertheless, Plaintiff requests entry of a protective order.

| | |
|---|---|
| PHILLIP HALL | STERLING PARK DISTRICT AND STERLING PARK DISTRICT BOARD OF COMMISSIONERS |
| Plaintiff | Defendants |

By: s/ Robin B. Potter          By: s/ Jennifer A. Naber
    Robin Potter and Associates, P.C.          Laner, Muchin. Dombrow, Becker, Levin & Tominberg, Ltd.

## ORDER

This Court enters the proposed Case Management Order above with any noted changes.

Entered this ___ day of _____, 2008


_____
Magistrate Judge P. Michael Mahoney